UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL GRECCO PRODUCTIONS, INC., | No. 1:26-cv-5880 |
| *Plaintiff*, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | |
| LITERALLY MEDIA LTD., | |
| *Defendant*. | *JURY TRIAL DEMANDED* |

Plaintiff Michael Grecco Productions, Inc., for its Complaint against defendant Literally Media Ltd., alleges as follows:

## JURISDICTION

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

## PARTIES

2. Michael Grecco is a commercial photographer and film director noted for his iconic celebrity portraits, innovative magazine covers, editorial images and advertising spreads for high profile companies like Fox, NBC/Universal, GE, Pfizer, HBO, Kodak, IBM, Yahoo!, ESPN, Wired, Time, Entertainment Weekly, Esquire, Premier and MAXIM. His work is regularly featured in prestigious venues, including the Louis Stern, G. Ray Hawkins, Stephen Cohen and Fahey Klein galleries.

3. Plaintiff MGP owns Mr. Grecco's intellectual property. Mr. Grecco, operating through MGP, meticulously protects his intellectual property against infringement both within the United States and throughout the rest of the world.

4. MGP is a corporation organized and existing under the laws of the State of California with its principal place of business in Santa Monica, in Los Angeles County. MGP is a photography agency that owns the copyright to images created by Mr. Grecco and that licenses such photographs to third parties on his behalf.

5. Defendant Literally Media is a business entity incorporated in and registered under the laws of the country of Israel, with principal places of business in Herzliya, Israel and in Brooklyn, New York.

6. Literally Media is a media company that curates and publishes humorous content through numerous digital comedy and culture brands—including Know Your Meme, Cracked, and Cheezburger—to over 40 million people worldwide.

7. On information and belief, Literally Media owns, operates, or is otherwise responsible for the content that appears on the website www.cracked.com.

8. This Court has personal jurisdiction over Literally Media because it has a principal place of business in this State and judicial district.

9. Venue in this judicial district is proper under 28 U.S.C. § 1400(a).

## BACKGROUND FACTS

### *Introduction*

10. In the marketplace, celebrity photos carry tremendous value as editorial content. Media companies—websites, newspapers, magazines, and other distributors of content—use

photograph images of celebrities to illustrate newsworthy content, to draw eyeballs to articles about popular individuals, and to drive value. Accordingly, celebrity photos can often command significant licensing fees, especially when they are exclusive. Because of their high production quality, and their exclusive nature, studio images (as opposed to candid or unplanned photographs) of celebrities—like those that Mr. Grecco produces—are even more valuable.

11. MGP has licensed individual images of celebrities to major content outlets—including production companies and other film makers—for sometimes tens of thousands of dollars. MGP's sustainable business model is to provide such images, on an exclusive or non-exclusive basis, to film makers, major media publications, and other entities that need imagery to illustrate or complement their works.

12. When licensing Mr. Grecco's works, MGP tightly controls the scope of the licenses it grants. Even when MGP licenses Mr. Grecco's works for use in a film or television project, MGP typically does not allow the producer to use the images for advertising or marketing, except for in-context promotion. Additional marketing rights, when granted, command a higher fee.

***The Copyrighted Photograph***

13. MGP is the owner and copyright holder of a promotional still photograph (the "Photograph") of actress Nana Visitor as Kira Nerys, a fictional character from the television show "Star Trek: Deep Space Nine."

14. Before defendant's infringements, the Photograph was registered to Michael Grecco Photography, Inc., with Registration No. VA 1-736-729 (eff. July 7, 2010), in compliance with the Copyright Act. Michael Grecco Photography is the predecessor-in-interest to MGP.

15. The Photograph was created at the request of plaintiff's clients, each of which was granted a license that was limited by time, by scope of use allowed, by right to sublicense, or by a combination of the foregoing.

***Defendants' Infringements***

16. MGP never licensed the Photograph to defendant. Nevertheless, defendant used the Photograph without authorization or permission to do so, and without paying a license fee.

17. Specifically, on or around December 13, 2020, defendant or someone acting on its behalf copied the Photograph, stored it on internal servers or hard drives, then displayed it on the internet at the cracked.com website as part of an article titled "16 Characters Who Got Their Start as Second-Bananas" ("Infringement #1").

18. In addition, on or around September 22, 2022, defendant or someone acting on its behalf copied the Photograph, stored it on internal servers or hard drives, then displayed it on the internet at the cracked.com website as part of an article titled "18 of the Best Right-Hand Foils in Pop Culture" ("Infringement #2").

19. MGP discovered Infringement #1, through the exercise of reasonable diligence, on or about September 10, 2026.

20. MGP discovered Infringement #2, through the exercise of reasonable diligence, on or about August 4, 2026.

21. At the times that defendant copied and displayed the Photograph, defendant knew that it did not have authorization or permission to do so, or it acted in reckless disregard of MGP's rights under the copyright laws.

**CLAIM ONE**

**Copyright Infringement – 17 U.S.C. § 501**

22. All prior paragraphs are incorporated into this claim.

23. Plaintiff is the copyright owner of the infringed Photograph named in this Complaint.

24. Defendant have reproduced, displayed, or otherwise copied the Photograph without plaintiff's authorization or license.

25. The foregoing acts of defendant infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to display, reproduce, create derivative works, and distribute its work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

26. Plaintiff has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C § 408.

27. Plaintiff has suffered damages as a result of defendant's unauthorized use of the Photograph.

28. Having registered copyright in the Photograph before the infringements, plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered before the infringements.

29. Plaintiff alleges, on information and belief, that defendant's actions were intentional or in reckless disregard of plaintiff's copyrights, and that such actions support an

award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

30. In the alternative, plaintiff is entitled to recovery of his actual damages and defendant's profits attributable to the infringement of the Infringed Images, under 17 U.S.C. § 504(b).

31. Within the time permitted by law, plaintiff will make his election between actual damages and profit disgorgement, or statutory damages.

32. Plaintiff is also entitled to an award of attorney fees and other expenses under 17 U.S.C. § 412 and § 505.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment against defendant as follows:

A. For a preliminary and permanent injunction against defendant and anyone working in concert with them from further copying or displaying the Photograph;

B. For an order requiring defendant to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

C. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Photographs used in violation of plaintiff's copyrights—including digital copies or any other means by which they could be used again by defendant without plaintiff's authorization—as well as all related records and documents;

D. For actual damages and all profits derived from the unauthorized use of the Photograph or, where applicable and at plaintiff's election, statutory damages;

E. For an award of pre-judgment interest as allowed by law;

F. For reasonable attorney fees, court costs, and all other costs and expenses authorized or permitted under law;

H. For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury of all issues permitted by law.

Dated: September 22, 2026

PERKOWSKI LEGAL, PC

By: /s/ Peter Perkowski
Peter E. Perkowski (Bar Id #5934765)
515 S. Flower Street, Suite 1800
Los Angeles, CA 90071
Tel: (213) 340-5796
peter@perkowskilegal.com

*Counsel for Plaintiff MICHAEL GRECCO PRODUCTIONS, INC.*